[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 472 
There is but a single question in the case, viz.: whether it was error to exclude evidence that the defendant, Harrison, had never been a member of Conklin, Inslee Co. The action was against a manufacturing corporation as the maker, and the firm of Conklin, Inslee Co., as indorsers of a promissory note. It was upon a partnership and not an individual indorsement of the persons named as constituting the firm. Unless the individuals named in the complaint were partners, the action would not lie. It was material, therefore, to allege a copartnership, and if the allegation was controverted by the answer, to prove it on the trial in order to maintain the action. The complaint alleged that the note was made payable to the order of the defendants, the Conklins, Inslee and Harrison (who were trading and doing business at the city of Brooklyn, under their partnership name or firm of Conklin, Inslee Co.), and that it was afterwards, and before it became due and payable, indorsed by them, by their said partnership name; and that the said firm of Conklin, Inslee Co. had due notice of its presentment to and non-payment by the makers. This amounted to an express allegation that the note was indorsed by a firm doing business under the name of Conklin, Inslee Co., and that the defendants at the time composed such firm. In the answer (Harrison, himself, appearing and joining in it, although not served with process) the allegation of partnership of the defendants was not controverted, or that they did not compose the firm of Conklin, Inslee Co. It merely denied the fact of indorsement of the note, and any knowledge or information sufficient to form a belief as to whether the defendants were ever notified of its presentment and non-payment. For the purposes of the action, therefore, the allegation of the partnership of the defendants was to be taken as true. (Code, § 168.) The denial in the answer of "the indorsement in the said complaint alleged of the promissory note therein set forth," is a mere denial of the writing, and not of the partnership, and was obviously so intended. *Page 474 
The defendants not having denied the allegations that the defendant, Harrison, was a partner or member of the firm of Conklin, Inslee Co., it was too late at the trial to offer to prove it, as no such issue was before the court. It was not error, consequently, to overrule the offer.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.